UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JEROME GREEN,

   Plaintiff,

vs.

CITY OF SPOKANE,
a Municipal Corp., et al.,

   Defendants.

No. CV-13-224-LRS

**ORDER OF DISMISSAL**

  Plaintiff has filed a First Amended Complaint (ECF No. 8) pursuant to this court's Order To Amend Complaint (ECF No. 6) filed July 22, 2013.

  The Amended Complaint fails to cure all of the deficiencies identified by the court in its order. It continues to assert in conclusory fashion that Spokane police did not have probable cause to arrest Plaintiff and that there was not probable cause to charge him with misdemeanor assault under Spokane Municipal Code (SMC) 10.11.010: "No person may willfully use or threaten to use by purposeful words or acts unlawful physical force against the person of another."[1] Plaintiff fails to allege with sufficient specificity how probable cause was lacking.

---

[1] As the court indicated in it Order To Amend Complaint, this provision does not require physical force to have been used or the victim to have suffered a physical injury. A mere threat to use unlawful physical force is sufficient.

**ORDER OF DISMISSAL-**   **1**

Without that specificity, he cannot be allowed to subject Defendants to the burden of discovery.  Indeed, one of the allegations in Plaintiff's First Amended Complaint suggests he needs discovery to even state a claim for relief: "Plaintiff's discovery **could** reasonably show the existence of a fraudulent police reporting, altering a police report, failure to properly investigate and review audio/visual tape recording, and properly retain evidence equally without discrimination and relating to exculpatory facts in favor of the accused." (First Amended Complaint at Paragraph 2.2)(Emphasis added).

Furthermore, it is important to keep in mind that all probable cause requires is a "fair probability" that a crime has been committed based on a consideration of the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983).  Probable cause is "a fluid concept - turning on the assessment of probabilities in particular factual contexts- not readily, or even usefully, reduced to a neat set of legal rules." *Id*. at 232.  That Plaintiff ultimately was not convicted of assault does not mean probable cause was lacking to charge him with the same.[2] A conviction requires proof beyond a reasonable doubt.  "Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence . . . have no place in the [probable-cause] decision." *Gates*, 462 U.S. at 235.

The Amended Complaint does not indicate if there was an independent determination by a municipal prosecutor to file a criminal complaint against Plaintiff and, if so, why the individual police officers should nevertheless remain

---

[2] As the court indicated in its Order To Amend Complaint (ECF No. 6 at p. 7): "Plaintiff does not indicate whether the criminal complaint was dismissed against him for [lack of] probable cause, or whether it was dismissed at trial because the City failed to prove beyond a reasonable doubt [that] he had assaulted his son."

**ORDER OF DISMISSAL-            2**

subject to liability.  The recitations in the Amended Complaint, like the original Complaint, leave open the possibility that Plaintiff was prosecuted pursuant to a criminal complaint filed by a municipal prosecutor.  As the court explained in its previous order, "[o]rdinarily the decision to file a criminal complaint is presumed to result from an independent determination of the prosecutor, and, thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy v. City of Adelanto*, 368 F.2d 1062, 1067 (9th Cir. 2004).  Assuming a municipal prosecutor made an independent determination to file the charge, Plaintiff does not specify how the officers improperly exerted pressure on the prosecutor, knowingly provided misinformation to her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was instrumental in causing the initiation of the proceedings

     The Amended Complaint indicates that at Plaintiff's April 25, 2011 arraignment, a municipal judge made a finding of probable cause.  "When an individual has a full and fair opportunity to challenge a probable cause determination during the course of the prior proceedings, he may be barred from relitigating the issue in a subsequent § 1983 claim." *Awabdy*, 368 F.3d at 1068.  The Amended Complaint alleges "[t]he Judge was swayed by the false information . . . that he relied [on] for the reason of finding probable cause."  Plaintiff, however, does not specify how the information was false.  Presumably then, Plaintiff had a full and fair opportunity in municipal court to challenge probable cause and therefore, the municipal court's determination bars him from now relitigating that issue in federal court.

     Finally, the Amended Complaint does not specify the basis for the City's liability.  It merely offers a conclusory assertion that the individual officers acted

**ORDER OF DISMISSAL-**           3

"pursuant to establish[ed] custom policy and usage." (First Amended Complaint at Paragraph 1.2).

Because Plaintiff's First Amended Complaint fails to state a claim upon which relief can be **GRANTED**, it is **DISMISSED with prejudice**[3] pursuant to 28 USC § 1915(e)(2)(B)(ii).  For the reasons stated in this Order Of Dismissal and in its prior Order To Amend Complaint, this court hereby certifies that any appeal from this Order Of Dismissal is not taken in good faith, 28 USC § 1915(a)(3).

**IT IS SO ORDERED**.  The District Executive is directed to enter Judgment accordingly and forward a copy of the Judgment and this order to the Plaintiff. The file shall be **CLOSED**.

**DATED** this __27th__ of August, 2013.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

---

[3] It follows that failure to state a false arrest/false imprisonment claim for relief based on lack of probable cause means Plaintiff has failed to state a claim for negligence (and for defamation and intentional infliction of emotional distress to the extent he intended to plead those as separate causes of action).  Moreover, no Washington court has ever recognized a separate and distinct cause of action for negligent investigation. *Dever v. Fowler*, 63 Wn.App. 35, 44, 816 P.2d 1237 (1991).

**ORDER OF DISMISSAL-    4**